# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Kartrez Rush, | ) | Civil Action No. 1:20-cv-00766-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on the parties' Stipulated and unopposed attorney's fees settlement under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 24.) The parties have agreed to stipulate to an award of $6,000.00 in attorney's fees as reasonable in this case. (*Id.* at 1.)

The EAJA provides that a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d). A district court is accorded "substantial discretion in fixing the amount of an EAJA award but is charged with the duty to ensure that the final award is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *INS v. Jean*, 496 U.S. 154, 163 (1990)).

After reviewing the parties' Stipulation (ECF No. 24), the court finds that the award of $6,000.00 in attorney's fees is reasonable. Counsel successfully represented Plaintiff before the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. §405(g).

court, there is no evidence of substandard attorney services, and the amount of the award is not extraordinarily large in comparison to the amount of time Counsel spent on the case. (*See* ECF No. 24 at 1.)

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), EAJA fees awarded by this court belong to the litigant and are subject to the Treasury Offset Program, 31 U.S.C. § 3716 (2006). Therefore, the court directs that fees be payable to Plaintiff and delivered to Plaintiff's counsel. (*See* ECF No. 24 at 1.) The amount of attorney's fees payable to Plaintiff will be the balance of stipulated attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. If Plaintiff's outstanding federal debt exceeds the amount of attorney's fees under the stipulation, the stipulated amount will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 9, 2021
Columbia, South Carolina